IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01747-MSK-KLM

JOSE MANUEL ROSALES RODRIQUEZ,

    Applicant,

v.

ERIC H. HOLDER,
KEVIN D. ROONEY, Dir., EOIR, Immigration Court,
JANET A. NAPOLITANO, Secretary, DHS, and
JEFF HAMILTON, ICE Detention Supervisor,

    Respondents.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER
MAKING ABSOLUTE THE ORDER TO SHOW CAUSE**

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Respondents' **Answer in Opposition and Motion to Dismiss the Petition for a Writ of Habeas Corpus** [Docket No. 14; Filed March 12, 2009] ("Motion to Dismiss") and the **Order to Show Cause** [Docket No. 17; Filed October 20, 2009].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the matter has been referred to this Court for recommendation.  Pursuant to D.C.COLO.LCivR 7.1C., the deadline for Applicant to respond to the Motion to Dismiss was April 6, 2009.  Applicant, who is represented by counsel, failed to respond.[1]  Accordingly, this matter is ripe for resolution.

**I.    Statement of the Case**

---

[1] The Motion to Dismiss was not returned as undeliverable and apparently was received by Applicant's counsel.

Applicant Jose Manuel Rosales Rodriquez filed a Petition for Writ of Habeas Corpus and Complaint for Temporary Restraining Order and Injunctive Relief on August 15, 2008 [Docket No. 1] (the "Application").[2] In his Application, Applicant makes four requests for relief: (1) that he be released immediately from Department of Homeland Security ("DHS") detention; (2) that the Respondents be enjoined from removing him from the United States and directed to conduct a custody hearing; (3) that, in the alternative, the Court review all determinations made by DHS as to Applicant's removal status; and (4) grant any other appropriate relief, including striking provisions of DHS statutory authority that are unconstitutional. *Application* [#1] at 19-20. On March 12, 2009, Respondents filed an Answer to the Petition together with the instant Motion to Dismiss [Docket No. 14], and Applicant did not respond.

Applicant was taken into custody by the Department of Homeland Security ("DHS") on July 30, 2008. Applicant's Application and Respondents' Answer and Motion to Dismiss present different versions of the factual background of this case, including facts concerning Applicant's personal and criminal histories and his immigration status which affect the merits of the underlying Application. Applicant's version of the facts is not entirely clear. He states that he is married to a U.S. citizen, that his mother filed an application for legal permanent resident ("LPR") status on his behalf, and that he was charged but not convicted of car theft in 1999. *Application* [#1] at ¶¶ 12, 16, 18, 19. He states that he was removed from the United States pursuant to a removal order in 1991, subsequently re-entered legally after living in Mexico for five years, voluntarily departed in 1999 and was "deported again in September of 2007 as a reinstatement based on his voluntary departure in 1999."

---

[2]Applicant combined his Petition with his *Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus and Complaint for Temporary Restraining Order and Injunctive Relief* [Docket No. 1].

2

*Id.* at ¶¶ 16, 22, 28, 35.  Applicant does not address his most recent entry into the country.  In addition to stating that he has an LPR application pending, Applicant also asserts that he already is an LPR, having "served the five year bar ordered by the judge" and been subsequently granted LPR status.  *Id.* at ¶¶ 26, 28, 35.  In large part, his Application is based on his assertions that he either is an LPR or is entitled to adjustment to LPR status.  Applicant provides no documentation or affidavits in support of any of the stated facts of his case.[3]

Respondents contend that Applicant is not an LPR nor eligible to adjust his status to that of an LPR, was never granted voluntary departure, and was not held in detention simply because he was an alien but rather because he was removable under a previous final order of removal.  Specifically, Respondents state that Applicant entered the country illegally in 1989, was convicted in 1996 of a drug offense, and a final order of removal was entered against him in 2000.  *Motion to Dismiss* [#14] at 4-6.  He was subsequently removed from the United States in October of 2007.  *Id.* at 6.  According to Respondents, Applicant re-entered the United States illegally in December of 2007, was taken into custody by DHS on July 30, 2008, and was removed to Mexico on August 15, 2008.  *Id.* at 6-7.  In support of their version of the underlying facts of Applicant's case, Respondents offer the Certified Record of Proceedings ("C.R.").  *See id.* at Exhibit A.

Most importantly, however, Respondents contend that Applicant's section 2241 application is now moot because since the filing of the petition, Applicant was released and is no longer in DHS custody.  *Motion to Dismiss* [#14] at 2.  On October 20, 2009, the Court directed Applicant to show cause in writing on or before November 23, 2009, why his case

---

[3]The Court notes that page 17 of Applicant's Application is unreadable.

should not be dismissed as moot [Docket No. 17]. Applicant did not respond.

## II.   Analysis

Respondents argue that because Applicant has been released from custody and was removed from the United States his application is moot and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), as the Court lacks subject matter jurisdiction over the action.

A party seeking to dismiss a case pursuant to Rule 12(b)(1) may make either of two arguments. First, the party may attack the facial sufficiency of the application or complaint; if the party makes a facial challenge, the court must accept the factual allegations of the complaint as true. *See Holt v. U.S.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, a party may attack the factual allegations made by the party asserting jurisdiction. *Id.* at 1003. When considering a factual challenge, the Court need not presume the allegations contained in the application or complaint are true but has discretion to consider affidavits and other documents and make findings of fact. *Cohen v. Mukasey*, No. 08-cv-01844-LTB-CBS, 2009 WL 1766843, at *3 (D. Colo. June 22, 2009) (citing *U.S. v. Rodriquez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001)); *see also Martinez-Osogobio*, No. 08-cv-02812-PAB-MJW, 2009 WL 1975997, at *1 (D. Colo. July 8, 2009) (citing *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Martinez-Osogobio*, 2009 WL 1975997, at *1; *see also Reber v. Steele*, 570 F.3d 1206, 1209 (citing *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995)) ("As a general rule in habeas cases, [the applicant] bears the burden of proof.").

Here, Respondents have attacked the factual basis for Applicant's assertion of the

4

Court's subject matter jurisdiction, and they have provided documents showing that he is no longer in DHS custody.  *See C.R.* [#14] at 4.  Applicant did not attempt to meet his burden of proof by making arguments or evidentiary showings to the contrary.  Based on the documentation provided by Respondents, the Court finds that Applicant is no longer in custody because he was removed on August 15, 2008, pursuant to a final order of removal.  The Court concludes that therefore the Court lacks subject matter jurisdiction to grant his Application for habeas corpus or any of the related claims brought with his Application because they are moot.

This Court has no jurisdiction to consider moot cases, which are described as cases in which "the issues presented are no longer 'live' or the parties generally lack a legally cognizable interest in the outcome."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted).  "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citing *Beattie v. United States*, 949 F.2d 1092, 1093 (10th Cir 1991)); *see also Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)) ("A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, [section] 2, of the Constitution."); *Martinez-Osogobio v. Holder*, 2009 WL 1975997, at *1-2.  "[A] case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief."  *Maine Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.*, 321 F.3d 9, 17 (1st Cir. 2003).

Section 2241 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody."  28 U.S.C. § 2241(c)(3).  Although Applicant is no longer in

custody, because he was in custody at the time he filed his Application,[4] "the Court must consider whether the [Application] still presents a live case or controversy under Article III." *Camara v. Comfort*, 235 F.Supp.2d 1174, 1175-76 (D. Colo. 2002); *see also Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002). The Application requests relief other than release, and thus the Court considers whether any of these requests remains a live case or controversy for the Court to resolve. *Cf. Sy v. Immigration Customs and Enforcement*, No. 07-cv-01124-ZLW-MJW, 2008 WL 4372664, at *3 (D. Colo. Sept. 19, 2008) (noting that because application requested only release, request mooted by applicant's release from custody, and no further analysis necessary). To make this determination, the Court considers whether the Application presents one of the following exceptions to the mootness doctrine: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily cease[d] an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley*, 310 F.3d at 1257 (collecting cases).

The Court finds that the Application does not present any exception to the mootness doctrine. First, Applicant does not continue to suffer any secondary injuries that survive his release and deportation. Applicant's second claim for relief, his request for declaratory and injunctive relief in the form of an immediate hearing, flowed directly from his detention. As he is no longer detained and does not seek money damages, this request is moot. Further,

---

[4] Respondents state that the Petition was filed three days prior to Applicant's removal. *Motion to Dismiss* [#14] at 2. However, according to documents provided by Respondents, Applicant was removed from the United States on August 15, 2008, *see C.R.* [#14] at 4, the same day that the Application was filed on his behalf. The Court will assume for the purpose of resolving the Motion that the Application was filed before Applicant was physically removed.

Applicant's request that this Court declare unconstitutional the statutes under which he was detained also does not survive his release, as a favorable decision from this Court declaring those statutes unconstitutional would not affect Applicant's situation, as he is no longer detained. *See Vaupel v. Ortiz*, No. 06-1103, 2007 WL 2269444, at *4 (10th Cir. Aug. 7, 2007) (finding that none of applicant's claims survived his release, as he "did not make a claim for damages in his habeas petition, seeking instead only a release from custody and declaratory relief"); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (citing *So v. Reno*, 251 F. Supp. 2d 1112, 1124 (E.D.N.Y. 2003)) (finding that any "secondary or collateral consequences" suffered by applicant "stem[] from his removal order, not his detention," and are thus mooted by release).

Nor does the Application present an issue "capable of repetition yet evading review." To meet this exception, two specific conditions must be present: "(1) the challenged action [is] in duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17 (citations omitted). Putting aside whether Applicant's detention was too short to allow adjudication of its legality, the Court concludes there is no reasonable expectation that Applicant will again be detained by DHS. Although it is arguable that Applicant may re-enter the United States and DHS may resume allegedly illegal detention of him, "[t]he possibility that [Applicant] will be taken back into custody and then deported is too speculative to constitute an actual injury within the meaning of Article III." *Camara*, 235 F.Supp. 2d at 1175 (finding possibility that applicant who was released on bond would be again detained and deported "hypothetical" and not a concrete injury that Court could address). Similarly, the Court is not persuaded that the Application remains a live controversy as a result of meeting the voluntary cessation exception to the mootness

doctrine. *See Riley*, 310 F.3d at 1257  (noting that although court was "somewhat concerned" that respondents might resume applicant's detention and therefore "arguably the narrow exception of voluntary cessation may be applicable," the record "provide[d] inadequate development and support of this issue").

Applicant's final order of removal does survive his release.  However, to the extent that Applicant seeks review of DHS's final order of removal in his third claim for relief, in which he requested that the Court review all DHS determinations as to his removal status, the Court lacks jurisdiction to grant that request.  *See Ferry*, 457 F.3d at 1131 (finding that after Real ID Act, district court lacked "jurisdiction to consider [the applicant's application] insofar as it challenged DHS's administrative order of removal"); *Hipolito-Briseno v. U.S. Dept. of Homeland Sec.*, No. 08-3196-SAC, 2008 WL 4057073, at *2 (D. Kan. Aug. 27, 2008) (citing 8 U.S.C. § 1252(a)) ("A habeas corpus [application] filed under either 28 U.S.C. § 2241 or § 2254 in federal district court is not the appropriate procedure for seeking judicial review of a final order of removal.").

### III.  Conclusion

Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED**, and that the Application for Writ of Habeas Corpus be **DISMISSED** as moot.

IT IS FURTHER **ORDERED** that the Order to Show Cause [Docket No. 17; Filed October 20, 2009] is **MADE ABSOLUTE**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ.

P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 21, 2010

                                                  BY THE COURT:

                                                  s/ Kristen L. Mix
                                                  U.S. Magistrate Judge
                                                  Kristen L. Mix